In the matter of the Estate of Napua Zupplien Kaluahine, deceased.

## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1871.

*Allen, Ch. J., Hartwell, J.*

IN THE MATTER OF THE ESTATE OF NAPUA ZUPPLIEN KALUA-
HINE, DECEASED.

THE HUSBAND does not inherit any of his WIFE'S real property if she
leave kindred, but he has all the personalty to which she was
entitled at her death, including CHOSES in ACTION.

OPINION OF THE COURT BY ALLEN, C. J.

The case is submitted on an agreed statement of facts. It
appears that Napua Zupplien made a trust deed, bearing
date April 15th, 1871, of all her property to S. B. Dole, the
respondent, to be managed by him, and paid out for her
benefit and purposes, therein stipulated ; in which trust deed
it was expressly declared that in case of the death of the said
Napua, the trustee should convey the said real and personal
property, or whatsoever part of it may remain in his hands,
to the heirs of her body, or according to the tenor of her
will should she leave a valid will, in fee, or if neither, to her
heirs according to law.

It is agreed further, that Napua Zupplien was married to
Kaluahine on or about the 15th day of May last past, and
that she died intestate on or about the 24th of September
last past, leaving her husband alive.

That previous to the said marriage, and with the knowl-
edge of the said Kaluahine, she the said Napua Zupplien
Kaluahine, conveyed all her estate, real and personal, with
the exception of her interest in the awa trade, to the said
respondent in trust as aforesaid.

In the matter of the Estate of Napua Zupplien Kaluahine, deceased.

It is agreed that Olepau and Palu are the brother and son of another brother of the late Napua Zupplien Kaluahine and are the nearest blood relations ; and it is alleged by the counsel for the parties in interest that the defendant died without issue, and that she left no will.

Upon this statement of facts the petitioners ask judgment of the Court on the question of the heirship of the said personal property, which is the matter of controversy between said petitioners.

The husband claims that by virtue of the marriage he became the owner of the personal property of the wife and at her death was entitled to the possession of the same, although conveyed in trust as before stated. By the Code, the husband is accountable for the debts of his wife, contracted either before or after marriage. He is bound to maintain and provide for his wife. The husband shall in virtue of his marriage and in consideration of the responsibilities imposed upon him by law, be the virtual owner, except otherwise stipulated by express marriage contract, of all moveable property belonging to his wife anterior to marriage, and of all moveable property accruing to her after marriage, over all of which he shall have absolute control unless otherwise stipulated by contract.

The Code further provides that the husband is entitled to the priority in the administration of the property of the deceased wife. The English statute is the same, and he is said to administer for his own benefit and for the recovery of her outstanding property to his own use and enjoyment, including rights vested and contingent, and funds at her disposal during her life-time or held in trust for her. This principle of distribution, established in England, was formerly recognized generally in the United States, but has been very much modified by legislation in some of the States.

This is substantially a re-enactment of the common law, for the right of the husband at common law was not only to

In the matter of the Estate of Napua Zupplien Kaluahine, deceased.

administer, but to enjoy exclusively the effects of his deceased wife.

It is contended by the counsel for the heirs, that the husband is not entitled in any event to the choses in action, unless he has reduced the same to possession during the life of the wife.

In the case of Whittaker vs. Whittaker, 6 John, 117 and 118, the Court say that the husband surviving his wife, is entitled to have her choses in action as well as to her personal estate in possession, and that by a series of cases it is now settled that the representative of the husband is entitled as much to that species of property as lies in action or suit, and is not reduced to possession as any other. The same principle is contained in Christian's notes to 2d Black. Com. 435. The husband shall have administration of all his wife's personal estate which he did not reduce to possession before her death, and shall retain it to his own use.—Elliott vs. Collins, 3 Atk., 527 ; Cart vs. Russ, 1 p. Wms., 383.

The same principle is recognized in the more recent cases. In Wells vs. Tyler, 5 Foster, 342—If the husband survives his wife he is entitled to administration, and to recover and receive any property in her possession or to which she is entitled, but which he had not reduced to his possession during her life, to his use.

A bequest of personal property including choses in action, to a married woman, vests the same in her husband, and upon her decease he takes the property by survivorship as well as by the force of the statute of distribution, although he does nothing during the coverture to reduce the same to possession. 12 Cush., 382; 22 Pickering, 480.

In Rawson vs. Nichols, N. Y. Rep. 113, the Court say that the property in this case stands precisely upon the footing of choses in action of the wife which have not been reduced to possession during the coverture. In this event, the husband has the right to receive and enjoy them as his own, either as

an incident to the marital relation and as flowing from it, or as an incident to his right of administration upon her estate.

Kent, 2d vol. Com. 119, says—Under the statute it is held that the husband is entitled, for his own benefit, *jure marati*, to administer and to take all her chattels, real, things in action and every other species of personal property, whether reduced to possession or contingent or recoverable only by suit, but if the wife leaves choses in action not reduced to possession in the wife's life-time, the husband will be liable ·for debts, *dum sola*, to that extent, for those choses in action will be assets in his hands.

The husband has the right to sue for and recover debts due the wife at the time of the marriage, although they are not vested absolutely in the husband. If the wife dies and the husband survives her before he has reduced the chose in action to possession, it does not strictly survive to him, but he is entitled to recover the same to his own use by acting as her administrator.

By the statute of distribution of 22d and 23d Charles II. and the 25th Section of the statute of the 29th of Charles II., the husbands of *femes covert* who die intestate have a right to administer upon the personal estate, and to recover and enjoy the same. This applies to any species of personal property, whether reduced to possession or contingent, or recoverable only by suit. Gadforth *vs.* Bradley, 2 Vesey 675; Richards *vs.* Richards, 2 Barn. & Al., 447; Drew *vs.* Lang, 21 Eng. Law and Eq. Rep. 339.

For a proper understanding of the rights of the parties it is necessary to examine into the intents and purposes of the deed of the decedent to the trustee. It appears by the deed that she conveyed the property for her benefit and use but to be under the management of the trustee. It is in the nature of a self-imposed guardianship. There was no provision for the payment of any portion to any one but herself, but at her death her legal heirs were to inherit. Without this

In the matter of the Estate of Napua Zupplien Kaluahine, deceased.

provision even, the property would descend to her legal heirs. It is not in any respect in the nature of a contract; she doubtless thought that the property would be safer in the hands of a trustee or agent and would exonerate her from the care of its management; and this seems to have been the sole purpose. While the property of a *feme sole* descends to her legal heirs, if marriage intervenes, then the inheritance is changed and the husband takes, *jure mariti*, according to the provisions of the Code, by which he becomes the owner of the moveable property, and if there are no children the real estate descends to her heirs as if she had died *sole*.

But it is contended on the part of the heirs of the decedent, that if they cannot legally claim by virtue of the trust deed, that they can claim one half of the property by the law of descent. The statute declares that if the intestate shall leave no issue, his estate shall descend one half to his widow, and it is contended that if the intestate is a female and she leaves no issue, *her* estate shall descend one half to her husband. The right of the husband under the marriage Act, and his right under the law of descent, are very properly considered together.

He has a right under the marriage Act to all the personal property of the wife, whether acquired before or after marriage, and by the law of descent, as contended for by the counsel, he is entitled to one half of the property both real and personal, and the heirs of the wife to the other half. The Court does not regard this as a sound construction of the statute. The husband must take under the marriage Act, or under that of descent. He cannot under both provisions. For by the first he takes all the personal property, and under the law of descent, as contended, he would take one half only of the personal and one half of the real. The provisions are incompatible.

There is only one condition under which the husband can

inherit the property of the wife, and that is, where she dies intestate and leaves no kindred but her husband, and in that case he shall inherit all her estate.

We are of opinion, therefore, that the personal property referred to in the deed of trust became the property of the husband, Kaluahine, by virtue of his marriage with Napua Zupplein. Let Judgment be entered accordingly, costs to be paid from the fund.

J. W. Austin for the plaintiff.

S. B. Dole for the defendant.

Honolulu, December 20th, 1871.