KEAUHULIHIA ET AL. *vs.* HIRAM PUAHIKI.

Opinion of the Court by McCully, J.

Referring to the extended statement of the facts of this case, and the law as established by the authority of Zupplein estate case (3 Haw. Rep., 323), in the written opinion of the Chief Justice in the first decision, it will be sufficient to say:

1. The transaction of the parties cannot be viewed as a compromise. The defendant had no right and no title. It is said in argument that being in possession, he must be dispossessed by a suit of ejectment, and that his settlement was therefore a compromise. But it is not to be inferred that he would have resisted the occupation by the plaintiffs when he came to know that he had no title, and it is not to be sustained as a compromise that the plaintiffs should give up half of their estate in order to avoid an action of ejectment against the tenant of this half, who would have no defense to set up and who must pay the costs. Neither is it apparent what Puahiki compromises when he only claims a half and is given all that and relinquishes nothing, unless making a partition of an estate is deemed a compromise.

2. It stands then that the plaintiffs, without consideration, granted the defendant half of the estate, upon this view that he was entitled as the husband of a wife deceased without issue, and leaving a brother and sister, the plaintiffs. The statute subsisting in 1868 being that such a husband took nothing of the wife's real estate. The decision of the Court in the estate of Napua Zupplein Kaluahine must be conclusive. The question was of the issue before the Court and was distinctly passed on. The doctrine of the law is that all its rules and principles are deemed certain, although they have not as yet been recognized by public adjudications, (1 Story's Equity Juris., Section 126), and therefore it must be considered that the statute of descent was understood in 1868, when

Meaai died, as it was interpreted to be in 1871 in the above case, and the enjoyment which the defendant had of this estate must be deemed to have been with the free sufferance of the plaintiffs. If then acting in ignorance of a plain and settled principle of law these parties give up a portion of their indisputable property to another, in a settlement of supposed legal rights, and without any other consideration, a Court of Equity should relieve them from the effect of the mistake, (Story's Equity Juris., Section 121), and equally so if the proposition to make such a settlement has proceeded from the plaintiffs, and the defendant may be free from imputation of fraud or wrongful persuasion. By relieving the plaintiffs from the effect of their mistake, it cannot be said that the defendant is injured, for there is no injustice in requiring him to render back what he had no title to, and gave nothing for, and the decision of the Chief Justice confirming the lease made by the defendant to a third party, but requiring the rent to be paid to the plaintiffs, provides against the disturbance of subsequent contracts.

The decree of the Chief Justice in Chambers is affirmed.

Castle & Hatch for plaintiffs.

Preston & Brown for defendant.